**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

Date Submitted:  July 3, 2023
Date Decided:  July 7, 2023

Joseph B. Cicero, Esquire
Paul D. Brown, Esquire
Chipman Brown Cicero & Cole, LLP
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801

T. Brad Davey, Esquire
Mathew A. Golden, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801

> RE: *Dale Riker et al. v. Teucrium Trading, LLC*,
> C.A. No. 2022-1030-LWW

Dear Counsel:

This letter resolves defendant Teucrium Trading, LLC's Application for Certification of an Interlocutory Appeal (the "Application").[1] The Application concerns my June 13, 2023 bench ruling on the parties' cross-motions for summary judgment (the "Ruling") and implementing order.[2] In the Ruling, I granted the plaintiffs' cross-motion for summary judgment on their entitlement to advancement

---

[1] Def.'s Appl. for Certification of an Interlocutory Appeal (Dkt. 50) ("Appl.").

[2] *See* Tr. of June 13, 2023 Telephonic Rulings of the Ct. on Pls.' Cross-Mot. for Summ. J. on Entitlement to Advancement and Def.'s Cross-Motion for Summ. J. (Dkt. 55) ("Ruling Tr."); *see also* Minute Order (Dkt. 46).

and denied the defendant's cross-motion. For the following reasons, the Application

for an interlocutory appeal of that Ruling is refused.

I.    BACKGROUND

This advancement action was filed by plaintiffs Dale Riker and Barbara Riker

on November 15, 2022. Dale Riker is the former Chief Executive Officer of

defendant Teucrium Trading, LLC. Barbara Riker is the company's former Chief

Financial Officer. The plaintiffs sought advancement of certain fees and expenses

incurred in connection with a plenary action captioned *Gilbertie v. Riker*, C.A. No.

2020-1018-LWW, as well as fees on fees. Advancement was sought pursuant to the

October 26, 2009 Amended and Restated Limited Liability Company Agreement of

Teucrium Trading, LLC (the "LLC Agreement").

In the Ruling, I concluded that the plaintiffs had demonstrated their

entitlement to mandatory advancement under the LLC Agreement as a matter of

law.[3] I also determined that the plaintiffs were entitled to fees on fees.[4] In terms of

next steps, I "aske[d] that the parties meet and confer on any remaining allocation

disputes or specific disputes about time entries" in light of my guidance on each

---

[3] Ruling Tr. 27-28.

[4] *Id.* at 27.

claim and counterclaim at issue.[5]  Any outstanding disputes were to be resolved "under the *Fitracks* process."[6]

Teucrium filed the Application on June 23, 2023.  On July 3, 2023, the plaintiffs filed an opposition to the Application.

## II.    ANALYSIS

Delaware Supreme Court Rule 42 governs interlocutory appeals. Rule 42(b)(i) provides that "[n]o interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[7] Instances where the trial court certifies an interlocutory appeal "should be exceptional, not routine, because [interlocutory appeals] disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[8]  For this reason, "parties should only ask for the right to seek interlocutory review if they believe in good faith that there are substantial benefits that will outweigh the certain costs that accompany an interlocutory appeal."[9]

---

[5] *Id.* at 28.

[6] *Id.*

[7] Supr. Ct. R. 42(b)(i).

[8] Supr. Ct. R. 42(b)(ii).

[9] *Id.*

When determining whether to certify an interlocutory appeal, the trial court should consider the eight factors set out in Rule 42(b)(iii). The court is to "identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice. If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."[10] After balancing these factors and weighing the costs and benefits, I conclude that interlocutory review should be denied.

Teucrium asserts that the Ruling "decided a 'substantial issue of material importance' because it resolve[d] all underlying questions of liability for advancement on each claim for which the Rikers have sought advancement."[11] In some advancement cases, the substantial issue criterion has been met.[12] But even if it were met here, any benefit from permitting an interlocutory appeal of the Ruling would be uncertain at best and outweighed by the considerable costs.

Teucrium insists that an interlocutory appeal would carry a "modest price" compared to the "substantial burden" it bears from the plaintiffs' ongoing

---

[10] Supr. Ct. R. 42(b)(iii)(H).

[11] Appl. ¶ 5.

[12] *See Pontone v. Milso Indus. Corp.*, 2014 WL 4967228, at *2 (Del. Ch. Oct. 6, 2014) (holding that an order granting partial advancement determined a "substantial issue" for purposes of an interlocutory appeal request).

advancement requests.[13]  The court considered and rejected a similar argument in

*Sider v. Hertz Global Holdings, Inc.*[14]  In *Sider*, the defendant was ordered to make

advancement payments and sought an interlocutory appeal before the payments

commenced.  The court explained that the defendant's approach would upend the

normal course of advancement proceedings and the "dynamic favoring advancement

claimants."[15]  The court observed: "'[t]he policy of Delaware favors advancement

when it is provided for, with the Company's remedy for improperly advanced fees

being recoupment at the indemnification stage,' or on appeal after issues of

reasonableness have been finally resolved." [16]  Here, Teucrium's argument is

similarly problematic.

Moreover, none of the Rule 42(b)(iii) factors cited by Teucrium—specifically,

(A), (B), (G), and (H)—support interlocutory review.[17]  First, the Ruling did not

present an issue of first impression; it considered a factual situation that has some

differences from applicable precedent.[18]  The court also applied straightforward and

---

[13] Appl. ¶ 5.

[14] 2019 WL 2501481, at *3 (Del. Ch. June 17, 2019) (ORDER).

[15] *Id.* ("[I]t should be easier to turn the 'advancement spigot' on than to turn it off.") (citation omitted).

[16] *Id.* at *3 (quoting *Mooney v. Echo Therapeutics, Inc.*, 2015 WL 3413272, at *6 (Del. Ch. May 28, 2015)).

[17] Appl. ¶¶ 6-11.

[18] Ruling Tr. 17-20.

well-settled principles of contract interpretation.[19]  Second, Teucrium does not cite any decision squarely conflicting with the Ruling.  Third, an appellate ruling on advancement entitlement will not dispose of the action entirely.  Even if the appeal were successful, Teucrium will be responsible for advancement on certain claims and the *Fitracks* procedure will continue.[20]  Finally, an interlocutory appeal would not serve considerations of justice.  As discussed above, Delaware public policy favors advancement.  This policy interest "suggest[s] that interlocutory appeals in advancement cases should be reserved for particularly exceptional cases."[21]

There is nothing exceptional about this case or the Ruling.  The LLC Agreement grants advancement rights.  The court interpreted the LLC Agreement on a paper record and determined that the plaintiffs were entitled to advancement.

---

[19] *Id.* at 20-21; *see West Willow-Bay Ct., LLC v. Robino-Bay Ct. Plaza, LLC*, 2007 WL 4357667, at *3 (Del. Ch. Dec. 6, 2007) (denying certification where "[n]o novel or unsettled law . . . informed the Court's reading of the Agreement.  That a trial court may have been (or was) wrong is not the standard for interlocutory review.").

[20] In its cross-motion, Teucrium did not challenge whether the plaintiffs were named defendants or respondents with respect to Counts V through VII in the plenary action. Thus, a successful appeal would not affect the Ruling on those counts.  Further, the Ruling did not address Teucrium's "by reason of the fact" arguments because that requirement only pertains to indemnification under the plain text of the LLC Agreement.  If a similar requirement were read into the advancement provision of the LLC Agreement, this court would need to revisit the issue.

[21] *Salomon v. Kroenke Sports & Ent., LLC*, 2020 WL 3963937, at *3 (Del. Ch. July 8, 2020) (declining to certify an interlocutory appeal of an advancement decision).

And a procedure was set to resolve disputes over the reasonableness of the plaintiffs' requested fees and expenses.

## III. CONCLUSION

Under these circumstances, I cannot certify the Ruling for an interlocutory appeal. The costs of certification, including the drain on judicial resources from adjudicating piecemeal appeals, would outweigh any benefit.[22] Accordingly, the Application is refused.[23]

To the extent necessary for this decision to take effect, IT IS SO ORDERED.

Sincerely yours,

*/s/ Lori W. Will*
Lori W. Will
Vice Chancellor

---

[22] *See* Sup. Ct. R. 42(b)(ii); *see, e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Axiall Corp.*, 2019 WL 4795508, at *2 (Del. Oct. 1, 2019) (TABLE) (refusing an interlocutory appeal because the ruling was "not exceptional" and "the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal").

[23] *See* Supr. Ct. R. 42(d)(iv)(D) (directing that the notice of appeal to the Supreme Court attach "[t]he order, if any, of the trial court certifying or refusing to certify the interlocutory appeal").